IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ALEX C. TAYLOR,<br><br>                Defendant. | 8:13-CR-223<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report in this case. Both the United States and the defendant (filings 101 and 103) have filed objections to the presentence report. The defendant has also filed a sentencing memorandum (filing 109) that the Court understands to be a motion for variance.

      IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

- (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. Both the United States and the defendant (filings 101 and 103) have filed objections to the presentence report, urging the Court to determine the defendant's Guidelines range based on the drug quantity stated in the plea agreement. The United States also notes that the defendant was charged with possessing methamphetamine mixture, not actual methamphetamine. Filing 103. The Court will resolve these objections at sentencing.

3. The defendant has filed a sentencing memorandum (filing 109) that the Court understands to be a motion for variance. In part, the defendant asking for a two-level reduction in the base offense level (and, as a result, in the final offense level) based upon the amendments to U.S.S.G. § 2D1.1 that have been adopted by the United States Sentencing Commission and that, absent action of Congress to the contrary, will become effective on November 1, 2014. Filing 109 at 3. *See* Sentencing Guidelines for United States Courts, 79 Fed. Reg. 25,996, 26,001-06 (May 6, 2014). The defendant also argues that the Court should vary downward pursuant to 18 U.S.C. § 3553(a), based on his personal circumstances and the circumstances of the offense. Filing 109 at 3-9. Finally, the defendant argues that the Court should vary downward because of policy-based disagreement with the Guidelines for drug trafficking offenses. Filing 109 at 10-14.

    The Court acknowledges its discretionary authority to substantially vary from a correctly calculated guidelines range, based exclusively upon the Court's policy disagreement with a particular guideline, if the guideline at issue is not the product of the Sentencing Commission's institutional strengths. *United States v. VandeBrake*, 679 F.3d 1030, 1042-43 (8th Cir. 2012) (citing *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)). The Court will resolve the defendant's motion for variance, on this ground and the others, at sentencing.

4. In his sentencing memorandum, the defendant also asks the Court to consider alternatives to incarceration, and recommend that the defendant be permitted to serve whatever sentence is imposed as close to Los Angeles, California, as possible. Filing 109 at 14-15. The Court

will ask counsel and the probation officer to research sentencing alternatives, and will consider the defendant's request and resolve it at sentencing.

5. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

6. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

7. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

8. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 27th day of June, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge